IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Renee Elvira and Edwin Ruiz, | ) | |
|     Plaintiffs, | ) | Case No: 15 C 7291 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| Ocwen Loan Servicing, LLC, | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S RENEWED MOTION TO COMPEL
AND MOTION FOR ORDER FINDING A PRIVILEGE WAIVER (ETC.)**

The Court grants plaintiffs' motion to compel in part and denies it in part as described below (dkt. no. 51) and denies in part and defers in part plaintiffs' motion for an order finding a privilege waiver (dkt. no. 57). The case remains set for a status hearing on June 6, 2016 at 9:30 a.m.

## STATEMENT

A.     Plaintiffs' renewed motion to compel

The Court has reviewed plaintiffs' renewed motion to compel and defendant's response. In the motion, plaintiffs request six categories of documents. The Court rules as follows.

    1.     Plaintiffs request Ocwen's guidelines, policies and procedures, and training materials related to the servicing of residential mortgage loans. Ocwen first says it has complied in full because it has produced its "Master Pooling Service agreement." That plainly does not constitute full compliance with the requests as written, unless Ocwen is contending that is the only set of policies and procedures it has—a contention the Court does not understand Ocwen to be making. Ocwen's second point has greater merit: the requests are overly broad. Plaintiffs have not attempted to link their requests for policies and procedures to the issues involved in their claims and Ocwen's defenses. For this reason, the Court declines to enforce these requests in their current form. But Ocwen needs to understand that if plaintiffs narrow their requests so that they focus on policies and procedures that are actually tied to the issues in the case, Ocwen will not be able to point to the Master Pooling Service agreement as full compliance—unless it is contending that it has no policies and procedures other than that agreement.

    2.     Plaintiffs' second request is for what they describe as an "inventory of images" maintained by Ocwen on plaintiff Ruiz's account. Ocwen says that it does not maintain an inventory of images. Plaintiffs have provided no basis for the Court to doubt the veracity of Ocwen's representation. The Court declines to enforce this request.

3.	Plaintiffs have asked Ocwen to produce e-mails related to Ruiz's account. Ocwen declined to do this until plaintiffs provided a list of the names of its employees whose e-mail accounts plaintiffs wanted searched. This puts the cart before the horse; Ocwen had never provided plaintiffs with a list, as such, of employees who worked on the account. Ocwen says that it provided plaintiffs with its transaction history and comments log for the account, suggesting that should be good enough. It would be, if Ocwen had verified that the log represented a complete list of employees who worked on the account, but Ocwen does not appear to have done that. The Court directs Ocwen to provide plaintiffs, by June 9, 2016, with a complete list of its employees who worked on the Ruiz account during the period it serviced the account. The Court directs plaintiffs to then identify to Ocwen, by June 14, 2016, the employees whose e-mail accounts plaintiffs want searched for e-mails relating the Ruiz loan. Ocwen is to produce those e-mails by June 21, 2016. The Court would advise Ocwen to start its search for the e-mails no later than June 9, the date it must provide the complete list to plaintiff. Because the Court is enforcing plaintiffs' loan-specific e-mail request, the Court believes that plaintiffs' more general request to search all Ocwen e-mails using certain search terms is moot.

4.	Plaintiffs seek production of hone call recordings relating to the account. Ocwen says that it has produced a large number of recordings since receiving plaintiffs' motion. Ocwen is directed to certify, by June 9, 2016, that it has produced all recordings relating to the account.

5.	Plaintiffs seek production of vendor communications and foreclosure notes regarding the account. Ocwen says it has produced all vendor communications, and the Court sees no basis to question the veracity of this statement, so that part of plaintiffs' request is moot. The issue of foreclosure notes is tied to the parties' dispute over the adequacy of Ocwen's privilege log, which is addressed below.

6.	The parties have agreed to defer punitive damages discovery until after any dispositive motions have been ruled upon.

The Court also addresses another point made by plaintiffs in their motion, concerning the long list of general and other objections contained in Ocwen's response to plaintiffs' discovery requests. The Court strikes Ocwen's "general objections" to plaintiff's interrogatories and document requests because they consist of boilerplate and make both plaintiffs and the Court guess at exactly what has been withheld based on the objections. The Court also strikes Ocwen's specific—but nonetheless largely boilerplate—objections to interrogatories 1, 2. 3, 4, 5, 7, 9, 10, 13, 14, and 19, and document requests 1, 3, 4, 5, 6, 7, 8 (other than the privilege objection), 9, 12, 13, and 14, as none of these requests are irrelevant, overly broad, unduly burdensome, vague, or ambiguous. The Court also strikes Ocwen's objections to interrogatories 15, 16, and 17 that they call for a "legal conclusion'; these interrogatories ask for Ocwen's position on relevant issues, and plaintiffs are entitled to that information.

If Ocwen actually withheld information or documents based on any of the objections that the Court has stricken, it must produce that material by June 14, 2016.

B.     Plaintiffs' motion for an order finding a privilege waiver and to compel

The Court has also reviewed plaintiffs' motion or an order finding a privilege waiver and to compel unredacted documentation. Plaintiffs challenge the sufficiency of Ocwen's privilege log and its withholding of certain materials. The original privilege log was insufficient because it did not identify the author or recipient of withheld items and gave, in many instances, an insufficient description of the withheld items.

In its response to the motion, Ocwen says that it will provide an updated privilege log to plaintiffs by June 6, 2016 and will also turn over a number of items it previously withheld. The Court is not in a position to adjudicate the sufficiency of a revised privilege log that it has not seen. The Court declines, however, plaintiffs' request to overrule Ocwen's privilege claims due to the inadequacy of its privilege log(s). Any remaining disputes about the privilege log will be adjudicated promptly after Ocwen provides the updated log to plaintiffs <u>and the Court</u> at or before the June 6 hearing.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   June 5, 2016

3